UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X

HIRALDA CORONA,

        Plaintiff,

    -against-

EL CRUCERO RESTAURANT CORP., and IGNACIO
LIZARDO A/K/A "Nacho",

        Defendants.

——————————————————————————X

1:24-cv-10010-CM

## MEMORANDUM DECISION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS

McMahon, J.:

On December 30, 2024, Plaintiff commenced this action against Defendants – a restaurant and its owner – alleging that they failed to pay her wages in accordance with applicable law and discriminated against her on the basis of gender, culminating in her termination. Plaintiff's Amended Complaint[1] pleads eleven causes of action, alleging that the Defendants (i) failed to pay Plaintiff overtime wages in violation of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL); (ii) failed to pay Plaintiff at or above minimum wage in violation of the FLSA and NYLL; (iii) failed to pay Plaintiff additional compensation of an hourly pay at minimum wage for each day during which Plaintiff's shifts spanned more than ten (10) hours in violation of the NYLL; (iv) failed to provide Plaintiff with notices containing rates of pay in violation of the NYLL; (v) failed to provide Plaintiff with wage statements in

---

[1] Plaintiff filed her original complaint on January 3, 2025. Dkt. No. 5. Defendants then moved to dismiss the complaint on March 13, 2025. Dkt. Nos. 14, 15. Plaintiff filed an amended complaint – which this Court will rely upon in drafting this order – on March 18, 2025, in response to defendants' original motion to dismiss. Dkt. No. 16.

violation of the NYLL; (vi) discriminated against Plaintiff based on her gender, thus creating a hostile work environment in violation of the New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL); and (vii) retaliated against Plaintiff by terminating her employment in violation of the NYSHRL and NYCHRL.

Defendants El Crucero Restaurant Corporation ("Crucero") and Ignacio Lizardo ("Lizardo") (collectively, the "Defendants") moved to dismiss Plaintiff's original complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim on which relief could be granted. Defendants have not filed a motion to dismiss the amended complaint. However, "District Courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot, or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 303 (2d Cir. 2020). Because Plaintiff's amended complaint contains relatively few additions to her original pleading – and pleads no new causes of action, only additional facts – the Court will consider the merits of Defendant's motion to dismiss as though it were directed to the amended pleading.

For the reasons set forth below, Defendants' motion to dismiss is DENIED.

## Background

The following well-pleaded facts in the four corners of the amended complaint are presumed to be true:

### A. The Parties

2

Plaintiff Hiralda Corona worked for the Defendants as a server and a general helper from approximately January 2024 until approximately November 2024. Compl. ¶ 42. [2]

Defendant El Crucero Restaurant Corporation is a restaurant in the Bronx. The restaurant – Plaintiff's place of employment – has about ten (10) to twelve (12) employees, including cooks, dishwashers, servers, and delivery personnel. Compl. ¶ 22.

Defendant Lizardo is the owner and/or manager of Crucero. Lizardo was tasked with disciplining his employees, setting work schedules, determining the employee pay rate, and maintaining employment records. Compl. ¶ 13.

### B. Statement of Alleged Facts

Plaintiff began her work as a non-exempt employee for the Defendants as a sever and "general helper" around January of 2024. Compl. ¶ 42. She worked there for about eleven months, until Defendants fired her on or around November 29, 2024. *Id.*

Corona's job duties as a "server" were what one would expect – she served customers at tables and operated the register. *Id.* ¶ 43. What she did in her capacity as a "general helper" is less specific – she alleges that she stocked the refrigerator, cleaned the bathrooms and mopped floors, among other things. *Id.* It appears that Corona did almost everything *except* prepare food or wash dishes. *Id.*

Corona worked long shifts – approximately five (5) days per week from about 3:00 p.m. to between 12:00 a.m. to 2:00 a.m. *Id.* ¶ 44. When Plaintiff worked shifts that spanned more than ten (10) hours per day, Defendants did not pay spread of hours pay[3] of one (1) additional hour's pay

---

[2] All references are to Plaintiff's amended complaint. Dkt. No. 16.
[3] Section 142-2.4 of New York's Official Compilation of Codes, Rules, and Regulations set forth a spread of hours wage regulation which requires an employee receive one hour's pay at minimum wage for any day in which "the spread of hours exceeds 10 hours." N.Y. Comp.Codes R & Regs. Tit. 12, § 142-23(a). "Spread of hours" is defined as "the interval between the beginning and end of an employee's workday." *Id.* at § 137-3.11.

at the full minimum wage rate every day in which her shifts exceeded ten (10) hours. *Id.* ¶ 50. Corona routinely worked in excess of forty (40) hours per week, but Defendants failed to pay for overtime compensation at one and one-half (1.5) times her regularly hourly rate. She was also not given meal breaks. *Id.* ¶¶ 47, 49.

The Amended Complaint pleads that Defendants neither tracked her hours nor required her to record time worked. *Id.* ¶ 45.

For all this work, Defendants paid Corona $200.00 per week – well below the federal and New York State minimum wage. She was paid in cash. *Id.* ¶ 46.

Defendants allegedly failed to provide Plaintiff a payroll notice at any time during her employment; she was not advised what her rate of pay was or told when her designated payday would fall. *Id.* ¶ 51. Defendants failed to provide Corona with a statement detailing the number of hours she worked and calculating both the regular and overtime pay rate she was owed. *Id.* ¶ 52. Because Plaintiff, an unsophisticated individual, did not have the information she was required to be given, she did not realize that her employers were in violation of the law until she was fired. *Id.* ¶ 53.

In addition to not being paid the proper amount for her labors, Plaintiff alleges that Lizardo created a hostile work environment at the restaurant. He made vulgar sexual comments, harassed her and touched her without consent. *Id.* ¶ 55. The verbal harassment included Lizardo's asking whether Corona's husband knew how to "eat [her] pussy," his remarking that "men should know how to f**k," comments about the genitalia of persons from certain ethnic backgrounds, and questions about what sexual positions Corona and her husband used, and whether they had ever engaged in anal intercourse. *Id.* ¶ 56.

4

Defendant's unlawful physical contact occurred with witnesses – Plaintiff's co-workers –
in the area. *Id.* ¶ 59. Defendant rubbed his erect genital area against Plaintiff's buttocks multiple
times in different locations at the restaurant. *Id.* ¶ 58. Defendant also harassed Plaintiff about how
she dressed. He pressured her to act more "slutty" in order to increase sales. *Id.* ¶ 60. When Plaintiff
refused, Lizardo became angry and said her refusal would negatively affect her employment. *Id.*

And so it did. On or about late November 2024, Corona had a family emergency that
required her to use her phone during a shift. *Id.* ¶ 64. Although other employees used their phones
during work, Defendant reprimanded Corona by terminating her employment. *Id.* ¶ 65. Corona
alleges that the Defendant terminated her employment to retaliate for her refusal to acquiesce to
sexual harassment and her opposition to Defendants' unlawful conduct. *Id.* ¶ 65.

**Standards of Review**

### A. Rule 12(b)(1)

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under
Rule 12(b)(1) is quite familiar:

> A case is properly dismissed for lack of subject matter jurisdiction under Rule
> 12(b)(1) when the district court lacks the statutory or constitutional power to
> adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction,
> the Court may consider affidavits and other materials beyond the pleadings to
> resolve jurisdictional questions. The Court must accept as true the factual
> allegations contained in the Complaint, but it will not draw argumentative
> inferences in favor of Plaintiff because subject matter jurisdiction must be shown
> affirmatively. Plaintiff bears the burden of establishing subject matter jurisdiction
> by a preponderance of the evidence.

*Jia Hu Qian v. Siew Foong Hui*, 2012 WL 1948820, at *2 (S.D.N.Y. May 30, 2012); *Zaldivar v.
Anna Bella's Café, LLC*, No. 11-CV-1198 JS ETB, 2012 WL 642828, at *2. "Subject-matter
jurisdiction . . . can never be forfeited or waived." *Union Pac. R.R. Co. v. Bhd. Of Locomotive
Eng'rs and Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009).

## B. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "must take all of the factual allegations in the complaint as true." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Pension Ben. Guar. Corp.*, 712 F.3d at 718 (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### A. Defendants' Motion to Dismiss Plaintiff's FLSA Claims for Lack of Subject Matter Jurisdiction is Denied

Plaintiff alleges that Defendants failed to pay her both the federal minimum wage and overtime wages in violation of sections 206 and 207, respectively, of the FLSA. *See* 29 U.S.C. §§ 206, 207. Both the minimum wage and overtime wage sections of the FLSA provide coverage for every "employee[ ] who in any workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of goods

6

for commerce. . . ." *Id.* An employer is subject to both the minimum wage and overtime provisions of the FLSA if *either* (1) their employees are "engaged in commerce" or (2) the employer in an "enterprise engaged in commerce." *Id.*; *see also Padilla v. Manlapaz*, 643 F.Supp.2d 298, 299 (E.D.N.Y. 2009); *Jacobs v. New York Foundling Hosp.*, 483 F.Supp.2d 251, 257 (E.D.N.Y. 2007). These two distinct types of coverage are termed "individual coverage" and enterprise coverage," respectively. *Jacobs*, 483 F.Supp.2d at 257; *Bowrin v. Catholic Guardian Society*, 417 F.Supp.2d 449, 457 (S.D.N.Y. 2006) (citing *Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290 at 295 n.8 (1985).

Under sections 206 and 207, an employer is subject to individual coverage under the FLSA if an employer is an "enterprise engaged in commerce." The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). In order to determine if individual coverage of the FLSA applies, courts must examine the employment actions of each employee asserting a claim. *Jacobs*, 483 F.Supp.2d at 257.

Sections 206 and 207 also both provide for enterprise coverage under the FLSA if an employer is an "enterprise engaged in commerce." 29 U.S.C. §§ 206, 207. Enterprise coverage applies when an employer, *inter alia*, grosses at least $500,000.00 in annual sales. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

Defendants argue that if Plaintiffs cannot show that they fall within the ambit of FLSA under enterprise coverage theory because she does not plead that Defendants grossed at least $500,000.00 in sales. They thus urge that the case be dismissed for lack of subject matter jurisdiction.

The Second Circuit has held that, "For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III and 28 U.S.C. § 1331 [federal question jurisdiction], the jurisdictional inquiry "depends entirely upon the allegations in the complaint' and asks whether the claim as stated in the complaint 'arises under the Constitution or laws of the United States.'" *Burke v. Lash Work Environments, Inc.*, 408 Fed.Appx. 438, 440 (2d Cir. 2011) (quoting *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010)); *see also Bay Shore Union Free Sch. Dist. V. Kain*, 485 F.3d 730, 734 (2d Cir. 2007) ("A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006))). Once this is established, the federal court has jurisdiction "unless the purported federal claim is clearly 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *S. New Engl. Tel. Co.*, 624 F.3d at 132 (quoting *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003).

Defendants argue that the Court lacks subject matter jurisdiction over all of Plaintiff's FLSA claims, which are her only federal claims,[4] because Plaintiff failed to show Defendant grossed sales greater than $500,000.00. Dkt. No. 15 at 2. However, whether Plaintiffs can establish enterprise coverage is an element of Plaintiff's claim and is not determinative of the Court's jurisdiction. The Second Circuit recognizes that:

> [W]hether a plaintiff had pled a jurisdiction-conferring claim is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits. . . . Thus a *defense*, however valid, does not oust the district court of subject matter jurisdiction. This is because once the court's jurisdiction has been properly invoked in the plaintiff's complaint, the assertion of such a defense

---

[4] Plaintiff's gender discrimination/harassment/hostile work place claims are pleaded only under New York State and New York City law, not Title VII.

is relevant only to whether the plaintiff can make out a successful claim for relief, and not to whether the court has original jurisdiction over the claim itself.

*S. New Engl. Tel. Co.*, 624 F.3d at 132; *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.").

Several courts in this Circuit have found that the question of whether defendants in a FLSA action meet the statutory definition of "enterprise engaged in commerce" is not a jurisdictional question, but rather one that goes to the merits of the plaintiff's claim. *See Jia Hu Qian v. Siew Foong Hui*, No. 11-CV-5584, 2012 WL 1948820, at *2 (S.D.N.Y. May 30, 2012) ("The question of whether or not Defendants actually are an 'enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiff['s] claims rather than the Court's subject matter jurisdiction; *Benitez v. F & V Car Wash, Inc.*, No. 11-CV-01857, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012) ("[T]he question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability." (collecting cases)); *Romero v. Jocorena Bakery, Inc.*, No. 09-CV-5402, 2010 WL 4781110, at *3 (E.D.N.Y. Nov. 23, 2010) ("While plaintiffs will have to ultimately prove that defendants grossed more than $500,000 in annual sales in order to be successful on their FLSA claims, the Court 'has jurisdiction over plaintiffs' FLSA claims irrespective of whether plaintiffs can ultimately prevail on the merits.'" (quoting *Padilla v. Manlapaz*, 643 F.Supp.2d 298, 301 (E.D.N.Y. 2009))); *Padilla*, 643 F.Supp.2d at 301 ("[T]here is nothing in the text of the FLSA that expresses a congressional intent to make the $500,000 requirement jurisdictional in nature."). In other words, Defendants can raise the $500,000

minimum as a defense, but they cannot rely on that defense to oust the court from jurisdiction over the Plaintiff's claims.

Plaintiff's Amended Complaint, invoking 28 U.S.C. § 1331, seeks relief pursuant to a federal law, the FLSA. Defendants do not argue, not could they, that Plaintiff's FLSA claims were asserted solely for the purpose of obtaining federal jurisdiction, or that they are wholly insubstantial or frivolous. Indeed, assuming the facts pleaded to be true, the wage and hour claims that arise under the FLSA are most certainly not either frivolous or insubstantial.

Accordingly, the federal claims pleaded in the Amended Complaint "arise under" the laws of the United States, and the court has subject matter jurisdiction over all the claims in suit – either federal question jurisdiction under 28 U.S.C. §1331 or supplemental jurisdiction under 28 U.S.C. §1367.

Defendants' motion to dismiss Plaintiff's FLSA claims for lack of subject matter jurisdiction is denied.

## B. Defendant's Motion to Dismiss Plaintiff's FLSA Claims For Failure to State Claim of Relief is Denied

In their motion to dismiss, Defendants argue that the Plaintiff failed to show that the Defendants have a gross revenue of $500,000.00 as required under FLSA to establish enterprise coverage, which means that Plaintiff's complaint must be dismissed for failure to state a claim. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

In making this argument, Defendants cite to three cases from our sister court across the river, in each of which FLSA claims were dismissed because the plaintiff did nothing more than allege either in conclusory fashion or "on information and belief" that the defendant satisfied the $500,000 gross revenues requirement. See *Zavada v. Mehbizar, Inc.*, 2024 WL 759351, at *3

10

(E.D.N.Y. Feb. 23, 2024) ("information and belief"); *Flores v. Andy Construction NY Inc.*, 2024 WL 3914859, at *1 (E.D.N.Y. Aug. 23, 2024) (purely conclusory); *Larez v. Hortus NY Corp.*, 2021 WL 1209715, at *3 (E.D.N.Y. Mar. 30, 2021) (complaint did "not allege, *even in a conclusory manner*, whether [Defendant's] annual gross volume of business is at least $500,000." (emphasis added; citation to Department of Labor fact sheet insufficient to give rise to necessary inference).

Here, by contrast, the amended complaint does what the pleadings in *Zavada*, *Flores*, and *Larez* failed to do – pleads facts tending to support an inference that the Defendant restaurant grossed at least $500,000 in revenues. Corona alleges that, "Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year," but she supports this allegation (which in and of itself would be insufficient) with well-pleaded facts sufficient to allow a trier of fact to conclude that the Defendant is an enterprise within the meaning of FLSA. Compl. ¶ 21. Plaintiff's Amended Complaint contains extensive factual detail about the restaurant's staffing, the hours of operation, and its receipts as observed by Plaintiff during her tenure working there. *Id.* ¶¶ 23, 26, 28. She alleges that the restaurant's credit-card receipts range between $1,000 - $2,000 on *weekday* evenings. *Id.* ¶ 28. She further alleges that the number of customers is greater during the morning hours and on weekends, with credit card receipts surpassing $3,000 - $,4000 on a typical weekend day. *Id.* ¶ 31. The Complaint alleges that many of Defendant's customers pay in cash, particularly at the bar area, such that credit card receipts alone understate the restaurant's gross revenues. *Id.* ¶ 31. And Plaintiff alleges that Defendants realize revenue from pick up and delivery order that are not reflected in the statistics pleaded in her Amended Complaint. *Id.* ¶ 29.

Taking the Plaintiff's factual allegations about Defendants' receipts as true – which I must at the pleading stage – it could plausibly be inferred that Defendants' gross revenue surpassed

11

$500,000.00. Therefore, Defendants' motion to dismiss Plaintiff's FLSA claims pursuant for failure to state a claim is denied.

## CONCLUSION

The motion to dismiss is DENIED.

This constitutes the decision and order of the Court. It is a written decision.

The Clerk of the Court is directed to remove the motion at Docket #14 from the court's list of open motions.

Dated: October 30, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

12