SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

HIRALDA CORONA,

        Plaintiff,

  -against-

                                    24-cv-10010 (CM)

EL CRUCERO RESTAURANT CORP., *et al.*,

        Defendants.

—————————————————————————— x

### ORDER DISMISSING ACTION WITH PREJUDICE

McMahon, J.:

This case was scheduled to begin trial today, May 18, 2026. When the case was called, Plaintiff did not appear at all. Her counsel represented that she refused to come to Court. This was the fourth time the Court was advised that Plaintiff refused to participate in trial.

On May 4, 2026, Plaintiff's counsel moved to withdraw. Dkt. No. 50. In support of that motion, counsel submitted a declaration stating that, "Despite reasonable efforts, counsel has been unable to adequately prepare Plaintiff for trial *or confirm her availability to proceed as scheduled.*" *Id.*, ¶ 7 (emphasis added). I denied this motion. Dkt. No. 51.

During the pretrial conference, which was held on May 7, 2026, Plaintiff's counsel advised the Court and Defendants' counsel that Plaintiff refused to come to Court for trial. Plaintiff's counsel was advised that if Plaintiff failed to appear for trial, her case would be dismissed with prejudice. Plaintiff's counsel acknowledged the Court's warning and advised the Court that he had said as much to his client. On Friday, May 15, 2026, the Court reached out to Plaintiff's counsel to ascertain whether his client had changed her mind. Counsel reported that she persisted

in her refusal to come to Court, despite having been told that her case would be dismissed if she did not.

Hoping against hope that Plaintiff would change her mind, I directed the parties to appear for jury selection on Monday, May 18, 2026. And I did not strike the case from the jury calendar. Jurors were therefore present and available to serve. However, at 10 a.m., when the case was called, Plaintiff was not present. Her counsel, however, was present, and advised the Court that Plaintiff refused to come to trial.

Rule 41(b) provides that, "If the plaintiff fails to prosecute or to comply with these rules or a court order," the action may be dismissed, and that, "Unless the dismissal order states otherwise," such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Although Rule 41(b) refers to dismissal on motion by a defendant, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). As the Supreme Court has explained, "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *see also Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966). And as explained in *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990), "A district judge may even, *sua sponte*, and without notice to the parties, dismiss a complaint for lack of prosecution, and such dismissal is largely a matter of the judge's discretion." "It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct." *West*, 130 F.R.D. at 524.

The Second Circuit has cautioned that dismissal with prejudice is a serious sanction. In

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535

(2d Cir. 1996)), the Court of Appeals held:

> A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the
> duration of the plaintiff's failure to comply with the court order, (2) whether
> plaintiff was on notice that failure to comply would result in dismissal, (3) whether
> the defendants are likely to be prejudiced by further delay in the proceedings, (4) a
> balancing of the court's interest in managing its docket with the plaintiff's interest
> in receiving a fair chance to be heard, and (5) whether the judge has adequately
> considered a sanction less drastic than dismissal."

"No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216. The Second Circuit has

further instructed that dismissal with prejudice is "the harshest of sanctions" and should be

preceded by "notice of the sanctionable conduct, the standard by which it will be assessed, and an

opportunity to be heard." *Id.* at 217 (citation omitted). These requirements are satisfied here.

*First,* the duration and character of Plaintiff's failure support dismissal. This is not a case

involving a minor missed deadline in the middle of discovery. Plaintiff failed to appear on the

first day of trial, after the case had proceeded through pleadings, discovery, motion practice, and

pretrial submissions. "What constitutes failure to prosecute depends, of course, on the particular

facts involved." *West*, 130 F.R.D. at 525. Here, Plaintiff's failure occurred at the precise moment

when she was required to prosecute her claims by presenting proof. Her nonappearance prevented

the trial from beginning at all.

*Second,* the record establishes that Plaintiff had notice that failure to appear could result in

dismissal. During the pretrial conference held on May 7, 2026, Plaintiff's counsel was explicitly

advised of the consequences of Plaintiff's failure to appear for trial. Counsel represented to the

Court that he had told his client what would likely happen if she failed to appear. And on May 15,

2026, counsel again advised the Court that Plaintiff persisted in refusing to come to Court, despite

having been told that her case would be dismissed if she did not appear.

*Third,* Defendants would be prejudiced by further delay.  Defendants appeared ready to try the case on the date set by the Court.  They prepared for trial, appeared for trial (Defendant himself was in Court, as were his wife and their lawyer), and were entitled to have the claims against them resolved.  Requiring Defendants to prepare again for a trial that Plaintiff may or may not attend would impose unnecessary cost and uncertainty.

*Fourth,* the Court has balanced its interest in managing its docket against Plaintiff's interest in receiving a fair chance to be heard.  Plaintiff has had that chance.  She filed this action, litigated it through discovery and motion practice, and proceeded to the eve of trial.  The Court held a pretrial conference on May 7, 2026 and warned Plaintiff's counsel of the consequences of Plaintiff's nonappearance.  When the Court learned that Plaintiff still refused to appear, it nonetheless left the case on the jury calendar in the hope that Plaintiff would change her mind.  The Court's interest in managing its docket is especially strong where a case set for trial cannot proceed because the plaintiff does not appear.  "One naturally expects the plaintiff to be present and ready to put on her case when the day of trial arrives.  A litigant's day in court is the culmination of a lawsuit, and trial dates—particularly civil trial dates—are an increasingly precious commodity in our nation's courts." *Moffitt v. Illinois State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001).

*Fifth,* the Court has considered lesser sanctions and finds that none would be adequate.  A monetary sanction would not cure Plaintiff's failure to appear or make the case triable.  An evidentiary sanction would be tantamount to dismissal, since Plaintiff's own appearance and testimony were necessary to prosecute her claims.  An adjournment would reward the very failure that prevented the trial from proceeding and would prejudice Defendants, who appeared ready for trial.  It would also waste judicial resources and inconvenience citizens who were summoned for

jury service in a case that Plaintiff had already indicated she would not try. Under these circumstances, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (citations omitted).

Having considered the record as a whole, the Court finds that Plaintiff's failure to appear for trial after having been warned of the consequences constitutes at least "reasonably serious fault." *Baptiste*, 768 F.3d at 217; *see also Levine v. Colgate-Palmolive Co.*, 283 F.2d 532, 532 (2d Cir. 1960) (per curiam) (holding that district court had "ample discretion" to dismiss plaintiff's action when plaintiff failed to appear for trial). By failing to appear for trial after being notified that she should retain substitute counsel or be prepared to proceed pro se, and after her counsel was warned that nonappearance would result in dismissal, Plaintiff has abandoned this action.

This action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court is directed to enter judgment for Defendants and close the case.

SO ORDERED.

Dated: May 18, 2026
    New York, New York

                                                U.S.D.J

BY ECF TO ALL COUNSEL